IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ING BANK N.V., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. |
| M/V TEMARA, IMO No. 9333929, | | 1:15-cv-01488-JKB |
| her engines, tackle, equipment, | * | |
| furniture, appurtenances, etc., *in rem* | * | |
| Defendant. | * | |
| | * | **IN ADMIRALTY** |
| * * * * * | * | |
| CEPSA PANAMA, S.A, | * | |
| Intervening Plaintiff, | * | |
| v. | * | |
| M/V TEMARA, IMO No. 9333929, | * | |
| her engines, tackle, equipment, | | |
| furniture, appurtenances, etc., | * | |
| Defendant *in rem*, | * | |
| ING BANK N.V. | * | |
| and | * | |
| O.W. BUNKER & TRADING A/S | * | |
| Defendants *in personam*. | * | |
| * * * * * * * * * * * | | |

**INTERVENING VERIFIED COMPLAINT**

CEPSA PANAMA, S.A. ("CEPSA") pursuant to LAR(e)(10) and Fed. R. Civ. P. 24(a)

hereby intervenes in this action, complaining against the M/V TEMARA, IMO No. 9333929 *in*

*rem* ("Vessel"), and against ING Bank N.V and O.W. BUNKER & TRADING A/S ("OW")

defendants *in personam*, as follows.

### Jurisdiction and Venue

1.      This is an admiralty and maritime claim within this Court's admiralty jurisdiction

pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure

9(h).

2.      Venue is proper in this District in accordance with Rule C as the TEMARA is or

will be within the physical jurisdiction of this Court during the pendency of this action.  ING

Bank appears in this action, asserting the rights of OW.

### Parties

3.      ING contends that it is assignee of OW's rights against the Vessel.

4.      OW, acting through its subsidiary O.W. Bunker USA, Inc. ("OW-US") as agent of

the Vessel, and the Vessel's owners, managers and/or charterers, and/or as principal, caused

CEPSA to provide the Bunkers to the Vessel, as set out herein.

5.      CEPSA provided the Bunkers to the Vessel at Panama, as set out herein.

### Unpaid Bunkers Sold and Delivered to the TEMARA

6.      OW as agent of the Vessel, and the Vessel's owners, managers and/or charterers,

and/or as principal, caused CEPSA to provide the bunkers to the Vessel at Balboa, Panama,

which bunkers were initially ordered by Copenship, the charterer of the TEMARA.

7.      On October 9, 2014, CEPSA provided and the TEMARA accepted the provision

from CEPSA of 395.346 metric tons of Fueloil 380-CST 3.5% marine bunkers (herein,

"Bunkers"), issuing the bunker delivery receipt which is exhibited to the original complaint in

this action.

      8.     CEPSA provided the Bunkers pursuant to its sales terms and conditions, which

include the following terms:

> (B) Title: Title of the Marine Fuel is transferred to the "BUYER" once it has fully paid the purchase price to the "SELLER". Up to that moment, "THE SELLER" shall continue to be the owner of the Marine Fuel supplied. In the event of the Marine Fuel having been mixed with other fuel aboard the ship bunkered, "THE SELLER" will be entitled to the part of the mixed fuel that is equivalent to the quantity and quality of the Marine Fuel supplied. "THE SELLER" will be entitled to request the return of the fuel remaining on board, as foreseen in the laws in force.

> \* \* \*

> (D) Any delay or failure to pay the price of the Marine Fuel supplied by "THE SELLER" shall accrue a delay interest of 0.83% per month.

> (E) In the event of any invoice being unpaid 15 days after its due date, "THE SELLER" may:

> \* \* \*

>> (2) Rebound upon the "BUYER" all the expenses of recovery (including judicial expenses and lawyer's fees) of any of the sums aforementioned, that will be borne by the "BUYER".

>> \* \* \*

> (B)This Agreement shall be governed and construed in all particulars with the laws of the State of New York, USA, in accordance with the principles of general maritime law as applied in the Courts of the United States of America.

      9.     CEPSA therafter invoiced OW-US, for OW as principal and as agent for the agent

of the Vessel, and the Vessel's owners, managers and/or charterers.  OW, however, failed to pay

CEPSA for the Bunkers, as set out herein.

10.     The Vessel, its owners or managers and/or charterers, did not pay CEPSA for the

Bunkers and title to the Bunkers did not transfer to OW or to the Vessel, its owners, managers

or/charterers.

11.     As of the date of this filing, CEPSA is owed the following amounts for unpaid

bunkers delivered to the TEMARA:

| | | |
|---|---|---|
| A. | Invoice | at least USD 217,859.49 |
| B. | Accrued Interest | at least USD 40,000 |
| C. | Accrued and Anticipated Attorney's Fees | at least USD 40,000 |

### COUNT I - Against the Vessel, *In Rem*

12.     CEPSA repeats the foregoing paragraphs.

13.     CEPSA holds a maritime lien in rem against the Vessel, both for the failure of the

Vessel, its owners, managers and/or Charterers to pay for the Bunkers, and in unjust enrichment

and trespass to the Bunkers, to which CEPSA held and continues to hold title.

14.     Upon information and belief, the TEMARA is or will be within this District

during the pendency of this admiralty and maritime claim to recover for necessaries provided by

CEPSA to the Vessel.  Pursuant to Rule C of the Supplemental Rules for Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure, CEPSA is entitled to arrest the

TEMARA to satisfy CEPSA's claims, including but not limited to pre-judgment interest, costs,

and expenses, as demanded below.

15.     CEPSA agrees to release and hold harmless and indemnify the United States of

America, the United States Marshal, their agents, servants, employees, and all others for whom

they are responsible, from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid TEMARA.

## COUNT II - Against ING and/or OW, *In Personam*

16.     CEPSA repeats the foregoing paragraphs.

17.     OW owes CEPSA, as agent of the Vessel, etc. or as principal, the amount of CEPSA's invoice for the Bunkers.

18.     ING claims to assert as assignee all of the rights of OW, and if such assertion is correct, sands in the shoes of OW for OW's debt to CEPSA.

19.     OW directly, or ING, asserting OW's claims and standing in the shoes for those claims of OW, has breached its contract with CEPSA and therefore owes damages to CEPSA, as demanded below.

WHEREFORE, CEPSA respectfully requests this Court to enter relief and judgment in its favor, as follows:

A.     **In response to Count I, against the Vessel** ***in rem***

1.     In the principal amount of at least USD 217,859.49 , plus interest and costs;

2.     That a CEPSA intervene in the arrest of the Vessel in rem and that a Claim to the Vessel be required pursuant to Supplemental Admiralty and Maritime Rule C;

3.     That judgment be entered in favor of CEPSA be entered against the Vessel as set out immediately above.

B.     **In response to Count II, against ING and/or OW, *in personam*** In the principal amount of at least USD 217,859.49, plus contractual  interest, attorneys fees and costs; and

/

      C.      In response to all claims, that this Court grant CEPSA other and further proper relief.

Dated: May 22, 2015

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Marios J. Monopolis
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
410-560-9889
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

**VERIFICATION**

I CERTIFY under penalties of perjury and pursuant to 28 U.S.C. Section 1746, as counsel for CEPSA that the foregoing is true and correct, based on the records and other information provided me by CEPSA.  No officer of CEPSA is present in this District to make this Verification.

Executed on May 22, 2015

/s/ J. Stephen Simms

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2015 I caused the foregoing to be filed on this court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms